ILLINOIS CENTRAL RAILROAD
COMPANY, Plaintiff–
Appellee,

v.

James E. MAYEUX; et al., Defendants,

James E. Mayeux; Barbara R. Mayeux,
Defendants–Appellants.

James E. Mayeux and Barbara Richard
Mayeux, Plaintiffs–Appellants,

v.

Illinois Central Railroad,
Defendant–Appellee.

Barbara Richard Mayeux;
et al., Plaintiffs,

Barbara Richard Mayeux; James
E. Mayeux, Jr., Plaintiffs–
Appellants,

v.

Illinois Central Railroad Company,
Defendant–Appellee.

No. 03–30319.

United States Court of Appeals,
Fifth Circuit.

DECIDED: April 6, 2004.

Frank S. Craig, III, Ben B. Hu, Breaz-
eale, Sachse & Wilson, Baton Rouge, LA,
for Plaintiff–Appellee.

William C. Shockey, Paolo J. Messina,
Margaret Mary Capritto, Shockey & Asso-
ciates, Baton Rouge, LA, for Defendants–
Appellants.

Before BENAVIDES, STEWART, and
DENNIS, Circuit Judges.

PER CURIAM:*

This is the second appeal in this case.
In the first appeal, we reversed the district
court's partial summary judgment in favor
of Illinois Central and remanded for trial
upon a single issue of disputed fact regard-
ing whether Illinois Central could prove
that there was a public demand for its
proposed expropriation.[1] On remand, the
district court held a bench trial that includ-
ed two full days of testimony in which
numerous shippers presented evidence of
their demand for the proposed railroad
spur. Even the Mayeuxs' expert witness
conceded that there was a public demand
during his testimony. The district court
decided that Illinois Central had proven
the existence of the requisite public de-
mand for this project.

The Mayeuxs challenge the district
court's decision on two grounds. First,
the Mayeuxs claim that the district court
deviated from this court's mandate when it
limited its examination to whether Illinois
Central had established a public demand
for the railway service track. Second, the
Mayeuxs argue that the district court used
an outdated standard for determining
whether such a public demand existed by
relying on jurisprudence predating the
1974 revisions to the Louisiana state Con-
stitution. We find that the district court
faithfully followed our mandate, and we

* Pursuant to 5TH CIR. R. 47.5, the Court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

1. *Illinois Central v. Mayeux,* 301 F.3d 359 (5th
Cir.2002).

are precluded from reaching the Mayeuxs' second argument.

In the first decision on appeal, we recognized that the existence of a public demand for the railroad spur was a key aspect of the necessary purpose inquiry required for expropriation under Louisiana law.[2] While there are other factors that go into the consideration of whether a proposed expropriation meets a necessary purpose,[3] because the Mayeuxs had challenged only whether sufficient public demand supported the expropriation and had presented expert testimony that conflicted with the railroad's evidence on this point, we remanded the case to the district court to resolve that dispute.[4] Specifically, this court found that there was a genuine dispute as to but one issue of material fact, *i.e.* whether there was a public demand for the project, and therefore ordered the district court to try this single issue without further consideration of whether the other aspects of the necessary purpose inquiry, which had not been contested by the parties, had been met.[5] As the mandate has issued in this court's prior decision, any consideration of the finally adjudicated aspects of necessary purpose would be improper at this point.[6] Thus, the issue before this panel is whether the district court erred in finding that there was public demand for the expropriation.

After reviewing the record in this case, the briefs and oral argument of the parties, as well as the district court's reasons for its judgment, we conclude that the evidence fully supports the trial court's decision on the public demand issue and its judgment of expropriation. Accordingly, we affirm the district court's judgment in full.

AFFIRMED

---

2. *Id.* at 367–68.

3. *See id.*

4. *See id.*

5. *Id.* at 368–69.

6. *Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992) (noting that one panel of the Fifth Circuit is bound by the precedent of previous panels absent an intervening Supreme Court or en banc decision); *Martin v. Medtronic, Inc.,* 254 F.3d 573, 577 (5th Cir.2001); *United States v. Zuniga–Salinas,* 945 F.2d 1302, 1306 (5th Cir. 1991).